UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-4379-RAO Date: August 26, 2026
Title: Shupeng Li v. Markwayne Mullin et al.

---

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Shupeng Li, represented by counsel, is a citizen of China currently in immigration custody within this District. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 4, 2026 ("Petition"). Dkt. No. 1 ("Pet."). The Petition alleges that Petitioner lawfully entered the United States in 2020 on a B-2 visitor visa and has resided in the country since his entry. *Id*. at 9. At some time thereafter, Petitioner was placed in immigration proceedings, but in September 25, 2024, an immigration judge dismissed those proceedings. *Id*. On July 9, 2026, ICE agents arrested Petitioner after he was released from police custody. *Id*. Petitioner has remained in immigration custody since his arrest. *Id*. The Petition states that Petitioner was not provided a bond hearing or other individualized custody review after his arrest. *Id*.

Petitioner claims that his current detention violates Section 1226(a) of the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause, and seeks habeas relief. *Id*. at 9-12. Specifically, Petitioner asks the Court to order his immediate release or, in the alternative, that he be provided with an individualized bond hearing before an immigration judge within seven days at which the government bears the burden of demonstrating by clear and convincing evidence that his continued detention is justified based on flight risk or danger to the community. *Id*. at 13.

Respondents filed their Answer on August 11, 2026. Dkt. No. 8 ("Ans."). The Answer states that Petitioner received a bond hearing before an immigration judge on August 4, 2026, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-4379-RAO | Date: | August 26, 2026 |
| Title: | Shupeng Li v. Markwayne Mullin et al. | | |

same date he initiated this federal habeas action. *Id*. at 1-2. The immigration judge concluded that Petitioner failed to meet his burden to establish that he is not a danger to the community, citing to Petitioner's recent and severe criminal history, and denied bond. *Id*.; Dkt. No. 8-2 (Order of the Immigration Judge). Now that Petitioner has received a legally sufficient bond hearing, Respondents argue that he should exhaust his administrative remedies before seeking relief in this court. Ans. at 2-6. Because Petitioner has not exhausted his remedies, Respondents ask the Court to dismiss the Petition. *Id*. at 6.

Petitioner did not file a Reply.

The Court denies the Petition. The Petition sought relief in the form of either release or an individualized bond hearing. Petitioner has now received that bond hearing. *See* Dkt. No. 8-2. The Court does not weigh in on the legal sufficiency of that hearing. Rather the Court concludes that Petitioner is not entitled to habeas relief because the July 9, 2026 arrest challenged in the Petition is no longer the basis for his current detention. A petitioner is not entitled to habeas relief when an immigration judge finds a separate basis for their detention and that basis is unchallenged. *See Vasquez Garcia v. Hermosillo*, 2026 WL 81783, at *2 (W.D. Wash. Jan. 12, 2026) (concluding that the immigration judge's alternative determination that a petitioner presents a flight risk was an unchallenged legal basis for detention and denying habeas petition); *Aburto Lopez v. Scott*, No. CV 25-2597-TMC, 2026 WL 194234, at *2 (W.D. Wash. Jan. 26, 2026) (same); *Rivas Campos v. Chestnut*, No. CV 26-1330-DJC (SCR), 2026 WL 1816190, at *7 (E.D. Cal. June 24, 2026) (similar), *report and recommendation adopted*, 2026 WL 1899541 (E.D. Cal. July 1, 2026). The immigration judge's order on August 4, 2026, detaining Petitioner became the basis for his current custody, superseding the prior arrest on July 9, 2026, as the basis for custody. *Thiravong v. Scott*, 2026 WL 1382356, at *2 (W.D. Wash. May 18, 2026) ("Even if Petitioner is correct that his redetention violated the applicable regulations and did not provide due process, habeas relief is unavailable because his claims have been mooted by a subsequent, unchallenged basis for detention."). Accordingly, the Court denies the Petition.

**IT IS SO ORDERED.**